IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV47-01-MU

| | |
|---|---|
| JIMMY EARL McARTHUR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| STATE OF NORTH CAROLINA, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983, filed January 19, 2006. After careful consideration, for the reasons set forth herein, Plaintiff's Complaint is dismissed.

Plaintiff has filed his Complaint naming as defendants the State of North Carolina and Rick Jackson, the superintendent of the correctional facility where he is currently housed. Plaintiff's entire statement of claim is that the:

> North Carolina Supreme Court abused its discretion in its failure to grant the Plaintiff's request to strike or disregard the respondent State of North Carolina's scandalous response brief in which it submitted a forged plea transcript in a bad faith effort to cover up Superior Court or its staff's illegal confiscation of Plaintiff's authentic plea transcript which he appended to his instant M.A.R. submitted on or about July 17, 1005.

Based upon the above assertion, Plaintiff ask this Court to order the "vacation" of his consecutive sentencing order and remand his case to the Wake County Superior Court for consolidation of his two sentences.

It appears Plaintiff is asking this Court to intervene in his pending state post-conviction proceedings. Pursuant to the Younger abstention doctrine, this Court must abstain from interfering in such matters. See Younger v. Harris, 401 U.S. 37, 45 (1971)(federal courts may not award declaratory or injunctive relief that would affect pending state criminal proceeding).

Moreover, this Court is also precluded from reviewing Plaintiff's state post-conviction proceedings based upon the Rooker-Feldman doctrine which sets for that lower federal courts lack jurisdiction to review challenges to state court proceedings, except in habeas corpus actions. See Jordahl v. Democratic Party of Va., 122 F.3d 192, 199 (4th Cir. 1997). An action pursuant to 42 U.S.C. § 1983 is not a habeas action an d therefore this Court lacks jurisdiction to hear Plaintiff's claim.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is **DISMISSED**.

Signed: February 3, 2006

Graham C. Mullen
United States District Judge